1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| CLIFFORD JONES, | 1:05-CV-0634 AWI JMD HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| PAUL SCHULTZ, Warden, | ORDER DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT |
| Respondent. | |

17
18
19

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

20

**BACKGROUND**

21
22
23

Petitioner is currently in the custody of the Bureau of Prisons ("BOP").  On October 12, 1999, he was sentenced to a 188-month term for conspiring to distribute heroin (21 U.S.C § 846).  (Answer at 1.)  His projected release date is February 10, 2014.  (Id.)

24
25

On May 13, 2005, Petitioner filed the instant petition in this Court.  The sole ground presented is that the BOP has determined Petitioner's projected release date using an improper method of calculating his good time credits.

26
27

On April 27, 2007, Respondent filed an answer to the petition.

**FACTUAL BACKGROUND**

28

On October 12, 1999, Petitioner was sentenced to a 188-month term for conspiring to

1  distribute heroin.  (Answer at 1.)  The BOP calculated his projected release date as February 10,

2  2014.  (Id.)

3  **I.  Jurisdiction**

4       A federal prisoner challenging the manner, location, or conditions of a sentence's execution

5  must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135

6  F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994);

7  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d

8  889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United

9  States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672,

10  677 (9th Cir. 1990).

11       In this case, Petitioner is challenging the manner of his sentence's execution.  The Court

12  therefore has jurisdiction to hear the instant claim in a habeas petition pursuant to § 2241.

13  **II.  Exhaustion**

14       A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C.

15  § 2241 must first exhaust available administrative and judicial remedies.  Brown v. Rison, 895 F.2d

16  533, 535 (9th Cir. 1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984).  It

17  is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to

18  present his claims to the federal court.  See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.

19  1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam), the Ninth Circuit

20  explained why a petitioner must first exhaust his administrative remedies before filing for habeas

21  relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the

22  appropriate development of a factual record in an expert forum; conserve the court's time because of

23  the possibility that the relief applied for may be granted at the administrative level; and allow the

24  administrative agency an opportunity to correct errors occurring in the course of administrative

25  proceedings."  See also Chua Hah Mow, 730 F.2d at 1313.

26       However, the exhaustion requirement was judicially created; it is not a statutory requirement.

27  Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir. 1978).

28  Because exhaustion is not required by statute, it is not jurisdictional.  Morrison-Knudsen Co. v. CHG

1   Int'l, 811 F.2d 1209, 1223 (9th Cir. 1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572

2   F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court

3   must determine whether to excuse the faulty exhaustion and reach the merits, or require the

4   petitioner to exhaust his administrative remedies before proceeding in court."  Brown, 895 F.2d at

5   535.

6           In this case, Petitioner has raised his claims in administrative proceedings and Respondent

7   concedes that he has complied with the exhaustion requirement.  (Petition at 9-17; Answer at 2.)

8   The Court will therefore address the merits of the petition.

9           Further, at the time the petition was filed, Petitioner was confined at USP Atwater which is

10  within the Fresno Division of the Eastern District of California.  The Court therefore has jurisdiction

11  over the petition.  See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); U.S. v. Tamayo,

12  162 Fed.Appx. 813, 815 (10th Cir. 2006) ("[H]abeas jurisdiction attaches on the initial filing of the §

13  2241 petition–that is, a prisoner must file his § 2241 motion in the district where he is confined at

14  the time of the filing.").

15  **III.  Review of Petitioner's Claim**

16          **A.  Ground One**

17          Petitioner argues that the BOP has determined his projected release date by using an

18  improper method of calculating his good time credits.  Petitioner claims that good time credits must

19  be calculated based on the length of the sentence imposed, not on the actual amount of time served.

20  Petitioner argues that the BOP's decision to calculate good time credits using actual time served is

21  not entitled to deference because of the rule of lenity.

22          In *Pacheco-Camacho v. Hood*, the Ninth Circuit Court of Appeals addressed the same

23  arguments being advanced here by Petitioner.  See Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268

24  (9th Cir. 2001).  The Ninth Circuit, giving deference to the BOP regulation that sets forth the

25  contested method of calculating good time credits, rejected the prisoner's claims finding that the

26  underlying statute was ambiguous as to how to calculate the credits, but that the BOP regulation was

27  based on a permissible construction of the statute.  Id. at 1268-71; see also Bernitt v. Martinez, 432

28  F.3d 868, 869 (8th Cir. 2005) (rejecting the same claim and noting that seven other Circuits had done

1   the same).  In *Pacheco-Camacho*, the Ninth Circuit also rejected the claim that the rule of lenity

2   requires the BOP to calculate good time credits using the length of the sentence imposed rather than

3   the actual time served.  Pacheco-Camacho, 272 F.3d at 1271-72.  Petitioner's claims must therefore

4   be denied as this Court is bound by Ninth Circuit decisions.  Ley v. Waddington, 2007 WL 675810,

5   *4 (W.D. Wash. 2007).

6          **B.  Proper Respondent**

7          Petitioner was incarcerated at USP Atwater at the time this petition was filed.  (Petition at 1.)

8   Respondent states that the warden of that institution is Dennis Smith.  (Answer at 2.)  Pursuant to

9   Rule 25 of the Federal Rules of Civil Procedure, the Clerk will be directed to substitute Dennis

10  Smith as Respondent in this matter.

11                    **RECOMMENDATION**

12         Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

13  DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for

14  Respondent.

15         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

16  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

17  of the Local Rules of Practice for the United States District Court, Eastern District of California.

18  Within thirty (30) days after being served with a copy, any party may file written objections with the

19  court and serve a copy on all parties.  Such a document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

21  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

22  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

23  parties are advised that failure to file objections within the specified time may waive the right to

24  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26

27

28

1

**ORDER**

2        The Court HEREBY ORDERS that the Clerk of Court is DIRECTED to substitute Dennis

3  Smith as Respondent in this matter.

4  IT IS SO ORDERED.

5  **Dated:**   **August 11, 2008**                **/s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California     Jp